Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

CHARMING BEATS LLC,

                      Plaintiff,

      v.

ARKEMA, INC.,

                      Defendant.

-----------------------------------------------------------------x

Case No.: 23-cv-647

**ECF CASE**

**COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

Plaintiff CHARMING BEATS LLC, by and through the undersigned counsel, brings this Amended Complaint and Jury Demand against defendant ARKEMA, INC. ("ARKEMA"), for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

**JURISDICTION AND VENUE**

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

## SPECIFIC JURISDICTION

2. Plaintiff is the sole owner of the copyrighted recording and composition *Rudiments of a Spiritual Life* (the "Copyrighted Track").

3. Defendant is headquartered in Pennsylvania.

4. Defendant, without license or authority, reproduced, distributed, publicly displayed, and synchronized plaintiff's Copyrighted Track.

5. Defendant's infringing acts are torts committed out of state.

6. Defendant generates significantly all of its revenue from interstate and international commerce.

7. Defendant continued to infringe, after multiple notices, knowing that plaintiff resides, and was injured, in this Judicial District as described below.

8. This Court has jurisdiction over defendant pursuant to CPLR 302(a)(3)(ii).

## VENUE

9. At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District and venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(1)-(3).

## DUE PROCESS

10. There are no due process concerns for defendant in light of the fact that defendant committed an intentional tort that it knew would have an effect in this Judicial District.

## PARTIES

11. Plaintiff CHARMING BEATS LLC is a limited liability company existing and organized under the laws of the State of Florida with a headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

12. Upon information and belief, defendant ARKEMA, INC. ("ARKEMA") is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business at 900 1st Ave, King of Prussia, PA 19406

## FACTS

13. Plaintiff is the sole owner by assignment of an original musical composition and recording titled *Rudiments of a Spiritual Life* - U.S. Copyright Registration No. SR 708-503 (the "Copyrighted Track"). See **Exhibit 1.**

14. The two (and only) members of plaintiff are the sole authors of the Copyrighted Track.

15. Defendant states on its website that it is a:

> world-class producer of industrial chemicals including acrylic monomers, emulsion systems, fluorochemicals, fluoropolymers, functional additives, hydrogen peroxide, PMMA, specialty polyamides and thiochemicals.

16. Defendant created a video advertisement titled: "Arkema joins Clean Water Project in China" (the "Infringing Advertisement").

17. Defendant, without license or authority, reproduced, publicly performed, publicly displayed, and synchronized the Copyrighted Track to the Infringing Advertisement.

18. Defendant distributed the Infringing Advertisement to YouTube, and publicly displayed the Infringing Advertisement on its YouTube page located at <www.youtube.com/watch?v=wEk_cYYGOuw>.

19. At no time did defendant have the right to use the Copyrighted Track in any manner.

20. Defendant infringed plaintiff's rights to the Copyrighted Track as set forth in 17 U.S.C. § 106.

21. As a direct and proximate result of defendant's acts of infringement of plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant's profits in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and reasonable attorneys' fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) of up to $150,000 for each U.S. Copyright Registration, plus costs, interest, and reasonable attorneys' fees.

## NOTICE

22. On or about September 16, 2021, plaintiff served notice on defendant informing it that there was no license for their use of the Copyrighted Track. See **Exhibit 2**.

23. Defendant elected to ignore the September 16, 2021 notice.

24. Previously, defendant was informed by YouTube in or around May 2021, that the musical content in the Infringing Advertisement belonged to plaintiff.

25. Defendant elected to ignore the YouTube notice.

26. On or about November 26, 2022, plaintiff, through counsel, served a cease-and-desist on defendant. See **Exhibit 3**.

27. Defendant elected to ignore the November 26, 2022, cease-and-desist.

28. On or about December 28, 2022, plaintiff, through counsel, served a final cease-and-desist on defendant, along with a draft copy of the within Complaint. See **Exhibit 4**.

29. Again, defendant elected to continue to infringe plaintiff's rights, despite the numerous prior demands, and service of a draft complaint.

30. Defendant's failure to comply with the separate notices from YouTube, plaintiff, and plaintiff's counsel evidences its intent to infringe.

31. The callous disregard defendant has for its legal responsibilities can only be addressed by an award at the top of the statutory scale.

## DUE DILIGENCE

32. Until in or around April 2020, plaintiff conducted numerous searches of YouTube each year, with the help of a third-party, looking for unlicensed uses of its copyrighted recordings and compositions. The defendant's Infringing Advertisement did not appear in any of the prior searches.

33. In April 2020, plaintiff retained a new agent to search YouTube for unlicensed content.

34. The Infringing Advertisement appeared in the first report dated May 2020.

## DMCA VIOLATIONS

35. Defendant removed and/or failed to include the copyright management information ("CMI") associated with the Copyrighted Track. Specifically, the Infringing Advertisement omits the Copyrighted Track's title, album name, author, label, and copyright owner.

36. Defendant removed the CMI with the intent to conceal its infringing conduct.

37. Defendant's removal and/or failure to include any copyright management information after notice is a violation of 17 U.S.C. § 1202 – the DMCA.

38. Defendant refused to include the CMI despite numerous notices. These are separate violations of 17 U.S.C. § 1202.

39. Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA, plus its reasonable attorneys' fees and costs.

**SPECIFIC INJURY**

40. Plaintiff has a strict rule that it does not license its copyrighted tracks to any institution in a fields that are subject to excessive scrutiny and/or notoriety.

41. Defendant operates in the chemical industry, and was subject to a notorious disaster at its Texas plant in 2017.

42. Defendant had multiple officers indicted in 2019, and was subject to several enforcement actions filed by the U.S. Government.

43. Defendant is the exact type of prospective licensee that would have been rejected.

44. Plaintiff has licensed the Copyrighted Track to companies like Colgate, Warner Brothers, Go Pro Cameras, SONY, MLB, NBA, NFL, DC Shoes, PBS, and scores more.

45. It is imperative to maintaining the value of the Copyrighted Track that they not be associated with controversial institutions.  Companies insist on as broad-based an appeal as possible for the Track they use in their marketing,

46. The forced association of the Copyrighted Track with defendant has damaged plaintiff's ability to license the Copyrighted Track in an amount to be determined at trial.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**

47. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

48. It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Track.

49. Defendant, without authority from plaintiff, reproduced, publicly displayed, and/or synchronized plaintiff's Copyrighted Track, in its entirety, to the Infringing Advertisement.

50. Defendant created and displayed the Infringing Advertisement for the sole purpose of advertising its events with the intent to generate additional income.

51. Defendant refused to cease and desist after multiple demands from YouTube, plaintiff directly, and plaintiff's counsel.

52. Defendant's use of the Copyrighted Track was not for criticism, comment, news reporting, teaching, scholarship, or research.

53. Defendant's use was not transformative.

54. Defendant elected to reproduce, synchronize, and/or distribute plaintiff's Copyrighted Track, using the entirety of the Track, without a license.

55. As a direct and proximate result of defendant's infringement of plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant's profits in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and reasonable attorneys' fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement/reckless disregard of up to $150,000 plus costs, interest, and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF DMCA OF 1998, AS AMENDED,
## 17 U.S.C. §§ 1201, et seq.

56. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

57. Plaintiff always distributes its copyrighted recordings, including the Copyrighted Track here, with copyright management information including the title, author, label, and copyright owner.

7

58. Defendant could not have obtained a copy of the master recording for the Copyrighted Track without this information.

59. Master recordings are tightly controlled by plaintiff to prevent unauthorized commercial use – like the infringing use at issue here.

60. A master recording is an authenticated and unbroken version of a musical recording (typically 96 kHz / 24 bit) with the highest-possible resolution—as flawless as it sounded in the mastering suite.

61. Defendant's Infringing Advertisement is synchronized to a very high-resolution copy of the Copyrighted Track.  This high-resolution version cannot be obtained without copyright management information being included.

62. Defendant removed plaintiff's CMI, and then copied, synchronized, publicly displayed, and distributed the Copyrighted Track.

63. Defendant failed to include any information which identified the Copyrighted Track, the author of the Copyrighted Track, the owner of any right in the Copyrighted Track, or information about the terms and conditions of use of the Copyrighted Track after multiple notices.

64. Defendant did the forgoing with the intent to conceal the infringement.

65. Defendant violated the DMCA each time it wrongfully distributed the Infringing Advertisement.

66. Defendant violated the DMCA by failing to correct the CMI after multiple notices.

67. Plaintiff seeks award of statutory damages for each violation of Section 1202 of the DMCA in the sum of $25,000 plus its reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds in excess of plaintiff's compensatory damages;

2. compensatory damages in an amount to be ascertained at trial;

3. statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. an award of statutory damages for each violation by defendant of the DMCA, 17 U.S.C. § 1202;

5. reasonable attorneys' fees and costs (17 U.S.C. § 505);

6. pre- and post-judgment interest to the extent allowable; and,

7. such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: January 30, 2023             **GARBARINI FITZGERALD P.C.**
New York, New York

By: *Richard M. Garbarini*
Richard M. Garbarini (RG 5496)